UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,


                              Plaintiff,

                                                      <u>DECISION AND ORDER</u>

                                                      03-CR-6033L


              V.

CHAD MARKS,


                              Defendant.
_____

        This Court referred all pretrial motions in this criminal case to United States Magistrate

Judge Marian W. Payson, pursuant to 28 U.S.C. § 636.  Defendant, Chad Marks ("Marks"),

represented by counsel, filed several motions.  These motions include a motion to suppress

statements, tangible evidence and a photographic identification.  In addition, Marks moves to

suppress communications intercepted pursuant to a court ordered wiretap.  Magistrate Judge Payson

conducted several days of hearings on the motions and, after receiving submissions from the parties,

issued a detailed, 54–page Report and Recommendation concerning all of the motions.  It was

Magistrate Judge Payson's recommendation that all motions be denied.

        The Court granted Marks' counsel several extensions within which to file objections to

Magistrate Judge Payson's Report and Recommendation.  Those objections were filed October 7,

2005 by counsel.  Marks', although not authorized to do so, filed two separate documents (Dkt.

#208, #209)objecting to various portions of Magistrate Judge Payson's Report and Recommendation.

The Court has reviewed all of the filings objecting to Magistrate Judge Payson's Report and Recommendation, as well as the transcript of the suppression hearings and the papers filed by the parties before Magistrate Judge Payson. I find the objections to be without merit, and I, therefore, adopt Magistrate Judge Payson's Report and Recommendation (Dkt. #173) and deny the defendant's several motions to suppress.

## I. Suppression of Statements

Marks seeks to suppress statements he made to police officers on three different occasions, October 15, 2002, November 17, 2002 and December 2, 2002. I agree with Magistrate Judge Payson that there is no basis to suppress any of the statements.

In Magistrate Judge Payson's Report and Recommendation, she set out a detailed summary of the circumstances surrounding each incident and the testimony of the six police officers who testified on the motion for the Government. No witnesses were called by the defendant.

A: October 15, 2002 Statement

Magistrate Judge Payson set out summary of the circumstances surrounding this incident, as well as the testimony of Rochester Police Department Officer Lisa Hayes. Magistrate Judge Payson found that based on all the evidence, Officer Hayes was justified in conducting a traffic stop of the vehicle driven by Marks. The circumstances leading up to the stop justified a traffic stop, but also the fact that Officer Hayes knew Marks and knew that he did not have a driver's license justified the

traffic stop.  I agree with the factual determination made by Magistrate Judge Payson, and agree with the legal authority relied on in the Report and Recommendation.

Marks apparently made statements while in his vehicle and later after he had been removed to Hayes' patrol car.  The Government seeks to admit only the former statements.  The Government concedes that *Miranda* warnings had not been given to Marks prior to these statements, but I agree with the Government's contention and Magistrate Judge Payson's finding that the failure to give the *Miranda* warnings does not preclude the admissibility of Marks' statements since he was not "in custody."  Based on the facts and circumstances here, I agree and find that Marks was not in custody when he was in his vehicle and, therefore, the statements were not the product of custodial interrogation.


B: November 17, 2002

In this case, Marks challenges certain statements he made to Officer Scott Wehr on November 17, 2002 on Lyell Avenue, Rochester, New York.  Wehr testified that he responded to an address on Lyell Avenue concerning the report of a burglary.  Once there, he observed Marks and two other individuals who were using a ladder to enter a second-story apartment.  The trio advised Wehr that they were attempting to retrieve belongings owned by one of the individuals.  Although Officer Wehr did question Marks and the others as to the nature of their activities, none of them were placed under arrest, at the time, and none of them were in custody during the encounter.  Therefore, there is no basis to suppress any of the conversations between Marks and Officer Wehr, and I agree with Magistrate Judge Payson's decision that the motion to suppress should be denied.

C.  December 2, 2002

    The facts support Magistrate Judge Payson's conclusion that there was a legitimate traffic stop of Marks' vehicle on December 2, 2002.  During that stop, Marks advised Officer John DiMascio that his license had been suspended.  Based on that information, Marks was removed from his vehicle and placed into the patrol car.  While conducting a check concerning Marks' record, Marks asked why the police were always bothering him.  The officer replied that it could be because of Marks' reputation to which Marks replied, "it's probably because I deal drugs."  (Tr. 35).

    I agree with Magistrate Judge Payson that although *Miranda* warnings had not been given, the statement uttered by Marks was still admissible.  I agree with Magistrate Judge Payson's conclusion that the statement at issue was not the product of custodial interrogation.  Magistrate Judge Payson concluded that Marks was not in custody but, even if he were, the challenged statement was not the product of interrogation.  Rather, it was a spontaneous statement made by Marks as he discussed his view of the police activities concerning him.  I believe that Magistrate Judge Payson correctly analyzed the law and the authority relied on by her to recommend denial of the motion.


**II.  Suppression of Evidence Seized During Marks' Arrest on February 4, 2003**

    In their objections to the Report and Recommendation, both counsel and Marks himself labor mightily to suggest there was no probable cause for the arrest and no other basis to support seizure of the drugs  recovered at the scene of the arrest.  Magistrate Judge Payson sets forth in great detail the facts that occurred on the day of the arrest, the prior wiretap information and prior control

purchases of drugs from Marks.  Based on the evidence, there appears to ample justification to stop

Marks' vehicle.  As Magistrate Judge Payson determined, this was at least a *Terry* stop.[1]  There was

certainly evidence to suspect that Marks and his supplier had engaged in a narcotics transaction.

Both the activities of Marks on the day in question as well as the wiretap evidence support a stop of

the vehicle.  Once the vehicle was stopped, the flight by a passenger in the vehicle certainly

suggested improper activity was involved.  As the officers searched the area where the passenger

fled, it was determined once again that Marks had no license and he could have been charged with

that offense.  Once a quantity of cocaine was discovered in the snow near the point of the vehicle

stop, further detention and Marks' ultimate arrest were warranted.

I concur with Magistrate Judge Payson's determination that the original traffic stop of

February 4, 2003 was supported by reasonable suspicion and the subsequent discovery of the drugs

was proper.  Based on that finding of Magistrate Judge Payson, I need not determine if there was

probable cause to arrest at the time of the initial stopping of the vehicle.

In addition, there is a question as to whether Marks has standing to contest the seizure of

cocaine found on the ground near the passenger, Richard Ross, who fled from the vehicle.  No drugs

were found in the vehicle, but it is certainly questionable whether Marks had standing or any

expectation of privacy concerning drugs apparently discarded by the passenger as he fled through

the snow seeking to avoid the police.

---

[1]*Terry v. Ohio*, 392 U.S. 1 (1968).

### III.  Suppression of Photographic Identification

Marks challenges a photographic identification that occurred on November 29, 2002 from an individual claiming to have been assaulted by Marks.  Magistrate Judge Payson described the facts surrounding the identification procedure and the photographic array presented to the victim. There is nothing in any of that testimony that suggests that the procedure was unduly suggestive to the extent it might lead to misidentification.  There does not appear to be any suggestivity and the photographic array itself is not unduly suggestive.

### IV.  Marks' Challenge of the Wiretap Order

Marks claims that the affidavit submitted to the issuing judge, Monroe County Court John Connell, lacked probable cause.  He also claims that the allegations in the affidavit were of such a nature that the Court should now conduct a *Franks*[2] Hearing to determine if the warrant was issued based on the knowing submission of false information.

Magistrate Judge Payson discussed this issue for over ten pages in her Report and Recommendation.  I agree with her conclusion that there was probable cause to support the warrant and that there is no basis to conduct a *Franks* Hearing.  Furthermore, I agree that the officers executing the warrant reasonably relied on the fact that a judge had authorized the interceptions.

There is no need to recount all those matters that Magistrate Judge Payson has set forth in her thorough Report and Recommendation.  The affidavit upon which Judge Connell based his decision was sufficient to justify the order allowing interception of conversations.  I agree with Magistrate Judge Payson that the matters complained of by Marks are not of such a nature as to

---

[2]*Franks v. Delaware* , 438 U.S. 154 (1978).

compel a *Franks* Hearing. The omissions complained of are not significant or material and what is contained in the affidavit provides probable cause.

Marks also challenges other matters relative to the wiretaps. Magistrate Judge Payson discusses those issues, including failure to exhaust normal investigative techniques, failure to seal, failure to minimize and other matters. I find no basis to disagree with any of the findings made by Magistrate Judge Payson on these points.

## CONCLUSION

I adopt the Report and Recommendation of Magistrate Judge Marian W. Payson (Dkt. #173). Defendant's motion to suppress statements and tangible evidence (Dkt. #94) is denied; defendant's motion to suppress photographic identification (Dkt. #94) is denied; defendant's motion to suppress intercepted wire communications (Dkt. #94) is also denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 4, 2006.

- 7 -