UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                            DECISION AND ORDER
                                                            03-CR-6033L

                 v.

CHAD MARKS,

                        Defendant.
_____

       This case is presently before the Court on a limited remand from the Second Circuit. *See United States v. Brown*, 623 F.3d 104 (2d Cir. 2010). Familiarity with that decision is presumed. The issues relate to defendant Chad Marks' ("Marks") claim, made well after the trial, but before sentencing, that his then-attorney, Donald Thompson ("Thompson"), provided ineffective assistance of counsel under the Sixth Amendment for failing to advise Marks of a 20-year plea offer that was allegedly extended to Thompson by Assistant United States Attorney Everardo A. Rodriguez.

       The Second Circuit framed the issues to be resolved. First, Marks must demonstrate excusable neglect for failing to timely file what the Circuit characterized as a motion for new trial under FED. R. CRIM. P. 33.

       In addition, the Second Circuit stated that "the issues to be determined by the district court are whether Marks' counsel conveyed the 20-year Plea Offer to Marks, and whether Marks would likely have accepted that offer had it been made known to him." 623 F.3d at 114.

This Court intends to hold a factual hearing to explore these issues.[1] It is evident that Marks, Thompson and possibly Rodriguez will be called to testify.

When this issue first arose, prior to Marks' sentencing, Thompson was relieved as counsel because of the conflict caused by Marks' assertions of Thompson's ineffectiveness. Marks now has new counsel appointed under the Criminal Justice Act.

Thompson has now elected to obtain counsel. Apparently on advice of counsel, Thompson has refused to submit an affidavit, as requested by the Court. Thompson's lawyer also requested an order that the attorney-client privilege that existed between Marks and Thompson has been waived because of Marks' allegations and, therefore, Thompson may testify freely about all conversations relating to the issues raised by Marks' ineffective-assistance claim.

The law is very clear that claims such as Marks' constitute a waiver of the attorney-client privilege in a proceeding to litigate issues raised by the complaining party. The Tenth Circuit in *United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009), recently summarized this well-established legal principle:

> When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications. The Supreme Court's pathmarking ineffective-assistance case, *Strickland v. Washington,* itself hinted at this requirement. 466 U.S. 668, 691 (1984). ("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions.").

*Id.* at 977-978.

The *Pinson* court concluded that "[g]iven the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or

---

[1] The Second Circuit specifically noted that it left for further fact-finding in the district court, "the nature and extent of communications, if any, between Marks and attorney Thompson regarding AUSA Rodriguez's 20-Plea Offer." 623 F.3d at 108 n.2.

disprove his claim." *Id.* at 978. *See also Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer"); *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001) ("'[A] party 'waives its attorney-client privilege when it injects into ... litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct'") (quoting *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987)).

The scope of the waiver is as broad as necessary with respect to conversations with defendant's attorney "necessary to prove or disprove [defendant's] claim." *Pinson*, 584 F.3d at 978. This waiver is not unlimited. The scope of the waiver is as broad as necessary to fully litigate the issues described in the Second Circuit's remand decision and is limited to those issues and matters reasonably relating to the issues posed by the Second Circuit.

## CONCLUSION

Because Marks has filed a petition challenging his former attorney's conduct and effectiveness, that attorney, Donald Thompson, is no longer bound to protect any so-called attorney-client communications, insofar as they are relevant to the claims made and defenses raised on account of Marks' petition. This waiver is not, of course, limited to conversations, but also includes any writings, memos, notes to the file, or similar materials that have a bearing on the issues now before the Court.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 15, 2011