UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CHAD MARKS, | **No. 6:03-CR-06033 (DGL)** |
| | **No. 6:16-CV-06454 (MAT)** |
| Movant, | |
| -vs- | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

## I. Introduction

Proceeding *pro se*, movant Chad Marks ("Marks"), a federal prisoner, moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. On March 4, 2008, Marks was convicted, after a jury trial, of eight counts including conspiracy to possess and possession of cocaine with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). See doc. 338. Marks was sentenced to an aggregate term of forty years imprisonment.

## II. Discussion

Marks argues that he was sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the residual clause of which was recently struck down as unconstitutionally vague by the Supreme Court in <u>Johnson v. United States</u>, __ U.S. __, 135 S. Ct. 2551 (2015). However, Marks' motion lacks merit because he was not, in fact, sentenced as an armed career criminal under the ACCA. As respondent points out,

although Marks was convicted of and sentenced for a violation of 18 U.S.C. § 924(c)(1), the "crime of violence" definition contained within the ACCA's residual clause is irrelevant because Marks was not sentenced pursuant to that clause.[1] Rather, the offense underlying Marks' conviction under § 924(c)(1) was a drug trafficking crime, not a "crime of violence." Because Marks' sentence does not implicate the residual clause of the ACCA, his motion to vacate his sentence pursuant to Johnson is denied.

**III. Conclusion**

For the foregoing reasons, Marks' motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 437) is denied. Respondent's motion to strike (doc. 441) is denied. The Clerk of the Court is directed to close Case No. 6:16-CV-06454.

**ALL OF THE ABOVE IS SO ORDERED.**

                                    **S/Michael A. Telesca**

                                    HON. MICHAEL A. TELESCA
                                    United States District Judge

Dated:    September 14, 2016
          Rochester, New York.

---

[1] Respondent also argues that Marks should have sought leave to file a second and successive petition with the Second Circuit prior to filing the instant motion, and moves to strike Marks' motion on that basis. See doc. 441. However, that argument lacks merit because the adjudication of Marks' prior § 2255 motion was not final as of the date the present motion was filed. See Hom Sui Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002). That prior motion remains pending before this Court (Larimer, J.). See doc. 424.