UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

        -vs-                                                              ORDER

                                                                         03-CR-6033

CHAD MARKS,

                              Defendant.

_____

        In 2004, defendant Chad Marks ("Marks") was indicted and charged with narcotics and

two separate firearms offenses, pursuant to 18 U.S.C. § 924(c).  Thirteen years ago, Marks, unlike

his co-defendants, declined a plea offer and elected to go to trial.  He was convicted.

        As to the firearms offenses, he was convicted of possessing a shotgun, with a co-defendant,

at a Lyell Avenue address in Rochester, New York in September 2002.  He was also convicted of

possessing a rifle at that same address two months later in November 2002.

        On March 4, 2008, this Court sentenced Marks principally to an aggregate 40-year term.

In 2008, the United States Sentencing Guidelines were significantly lower, but the sentence was

required by the statutes in place at the time. Although the statute and the guidelines have been

drastically changed now, at the time Marks faced a minimum 10-year sentence on the narcotics

charges.  As mentioned, he was also convicted of two firearms offenses in the same case and,

pursuant to the statute at the time, Marks received a 5-year consecutive sentence on Count 8 and a

25-year consecutive sentence on Count 10 for an aggregate 30-year consecutive sentence. This

type of sentence, under the then-terms of Section 924(c) for multiple firearms established in the

same indictment has been frequently criticized as unwarranted and excessive.  The provision is often colloquially referred to as "stacking."

In part, because of this criticism, with bipartisan support, Congress, within the last several months, has recognized the inequities and harsh consequences of the stacking provisions and has eliminated it under circumstances like those facing Marks as part of the First Step Act, enacted December 21, 2018.  If convicted now, Marks would not be penalized for going to trial with the possibility of a 30-year consecutive sentence.

Although the First Step Act and the Guideline changes referenced in it benefit many, it does not appear that Marks would benefit directly because the changes to Section 924(c) do not appear to be retroactive.  One option now is for those in the system to say to Mr. Marks, "too bad, the changes don't apply to you and you must serve the lengthy remainder of your 40-year term, and perhaps die in jail."

Chad Marks has now filed a pro se motion (Dkt. #491) requesting this Court, in part, to request the United States Attorney for the Western District of New York, James P. Kennedy, Jr., to consent to vacating one of Marks' Section 924(c) convictions, which would, in effect, remove the draconian, mandatory 25-year consecutive sentence.

Admittedly, this is not a typical request.  Marks makes this request, though, relying on several cases from other districts throughout the country where the U.S. Attorney did precisely what Marks seeks here.  Marks relies principally on the case of *U.S. v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).  That thoughtful opinion is annexed to Marks' motion as Exhibit A.  In the *Holloway* case, the defendant was convicted of three Section 924(c) violations for three separate car jackings over a two-day period.  He received a mandatory sentence of 57 years.  In *Holloway*,

District Judge John Gleeson remarked that such a stacking sentence "would be laughable if only there weren't real people on the receiving end of them."

Prosecutors spend their days seeking convictions and appropriate sentences. What is sought here is different, but in his decision in *Holloway*, Judge Gleeson praised the U.S. Attorney for the Eastern District of New York for agreeing to vacate a prior conviction in that particular and unusual case. He noted that prosecutors can and should use their vast power to remedy injustices in an appropriate case.

So, what to do? Does this defendant, Chad Marks, deserve this remedy? In my more than 30 years as a district court judge, I have never known a prisoner to do more to make changes in his life while incarcerated. Marks' acts and accomplishments while incarcerated for the last decade are truly extraordinary. Marks has obtained a college degree, participated in about 100 rehabilitative programs, has received numerous awards and citations, is engaged as a GED teacher and has mentored other inmates. Marks has recounted many of these accomplishments in his motion (Dkt. #491, page 7). The record reflects extraordinary accomplishments.

Extraordinary cases require extraordinary care and sometimes extraordinary relief. I urge all to review Judge Gleeson's thoughtful decision in the *Holloway* case. The criminal "justice" system is about justice and fairness ultimately. Chad Marks was convicted of serious crimes, but I believe that Marks is not a danger and is not now the person convicted of these charges in 2008, which involved a rather small-scale drug case. All of Marks' co-defendants have completed their sentences.

## CONCLUSION

I request that the United States Attorney for the Western District of New York, James P. Kennedy, Jr., carefully consider exercising his discretion to agree to an order vacating one of Marks' two Section 924(c) convictions.  This would eliminate the mandatory 25-year term that is now contrary to the present provisions of the statute.  Congress has now recognized the injustice of "stacking."

To facilitate that review, I request that Marks' appointed counsel, Jillian S. Harrington, Esq. provide a filing listing in detail the many, many accomplishments, awards and other matters involving Marks while he has been incarcerated.  In addition, counsel should list the scores of rehabilitative programs that Marks successfully completed.  Marks has described many of his accomplishments in his pending motion, but I leave it to counsel to provide a detailed supplement to assist the U.S. Attorney's review as well as this Court's.

I urge defense counsel to make her filing within 20 days of entry of this order.

IT IS SO ORDERED.


Dated: March 14   , 2019
          Rochester, New York

                                                    DAVID G. LARIMER
                                                    United States District Judge