IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

—————————————————————————————

UNITED STATES OF AMERICA,

              v.　　　　　　　　　　　　　03-CR-6033-DGL

CHAD MARKS,

              Defendant.

—————————————————————————————

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States of America, by and through its attorneys, Trini E. Ross, United States Attorney, and Douglas E. Gregory, Assistant United States Attorney, of counsel, herein responds in opposition to Chad Marks' motion for early termination of supervised release.

### I.　　Procedural History

On June 27, 2006, a federal jury returned guilty verdicts on seven counts against defendant Chad Marks, charging him with various drug and firearms offenses. The proof at Marks's trial established that Marks was a violent drug dealer of crack cocaine who led an extensive drug distribution network operating from several locations in the City of Rochester. Witnesses at trial described how Marks used violence to keep both his customers and workers in line, and how he tried to murder rival drug dealers.

Given the nature and quantity of drugs trafficked and Marks' leadership and violent role in the conspiracy, the sentencing guidelines and applicable statutory mandatory

minimums set Marks' sentence at life plus 30 years.  On March 12, 2008, the district court departed downward as far as the law would permit and imposed an aggregate sentence of 40 years' imprisonment (10 years mandatory minimum on the drug counts and 30 years consecutive mandatory minimum on the gun counts).  Marks appealed.  The Second Circuit affirmed in part, vacated in part the sentence for Count 8 that ran the mandatory minimum term of five years consecutive to the drug count in Count 1, remanded that part for resentencing, and remanded for further proceedings related to Marks's ineffective assistance of counsel claim, specifically, "whether Marks's counsel conveyed the 20–year plea offer to Marks, and whether Marks would likely have accepted that offer had it been made known to him." *United States v. Brown*, 623 F.3d 104, 115 (2d Cir. 2010).

The district court conducted a hearing after remand and determined that Marks failed to meet the burden of establishing that he likely would have accepted the 20-year plea offer had it been made known to him. The Second Circuit affirmed. *United States v. Marks*, 561 F. App'x 42 (2d Cir. 2014).

After passage of the First Step Act, in February 2019, Marks filed a *pro se* motion seeking relief in terms of a reduction of his sentence pursuant to *United States v. Holloway*, 68 F.Supp.3d 210 (E.D.N.Y. 2014).  The district court issued an order, asking the United States Attorney to weigh in on Marks's so-called *Holloway* application. Thereafter, retired U.S. District Judge Gleeson, who presided over *Holloway*, entered an appearance in the instant case.  Marks then moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

After oral argument and a contentious evidentiary hearing, in a Decision and Order filed on April 20, 2020, the district court granted Marks's motion for compassionate release,

and reduced Marks's sentence below the mandatory minimum term of imprisonment of 40

years, cutting it literally in half to a term of imprisonment of 20 years.

Pertinent here, the district court also imposed a period of supervised release of 5 years

on all counts, which began on June 25, 2020, upon the defendant's release from prison.  Now,

after just 24 months on supervised release, the defendant has filed a motion for early

termination.  The application is opposed by the United States Probation Office, and for the

reasons set forth below, should be denied by this court.

## II.     Applicable Law

Section 3583(e)(1) of Title 18 of the United States Code states, in relevant part, as

follows:

> The court may, after considering the factors set forth in section 3553(a)(1),
> (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) ... terminate a term
> of supervised release and discharge the defendant released at any time after the
> expiration of one year of supervised release, pursuant to the provisions of the
> Federal Rules of Criminal Procedure relating to the modification of probation, if
> it is satisfied that such action is warranted by the conduct of the defendant
> released and the interest of justice....

Thus, pursuant to the express terms of § 3583(e)(1), at least one year of supervised

release must have been served, the applicable factors set forth at 18 U.S.C. § 3553(a) must be

considered, and a court must be satisfied that the early termination is warranted by the

conduct of the defendant and the interest of justice.

### III.    Early Termination of Supervised Release is Not Warranted

The defendant claims he is no longer in need of probation supervision because, among other things, he is gainfully employed, has received counseling, has re-married and is now the father of twin boys.

The government opposes the defendant's request for early termination of his supervised release.  Our position is not simply a formulaic response.  Nor is it a predictable "opposition" in a case where emotions have previously run high, by all interested parties.  On the contrary.  The government appreciates, based upon the defendant's submission, that progress in his personal and professional life appears to be encouraging.   However, that progress can be attributed, in large part, to the very supervision he now wishes to eschew. With the assistance of the United States Probation Office ("USPO"), the defendant has received much needed mental health treatment and counseling, as well as life skills training, not to mention a measure of accountability.  In short, the USPO is providing the defendant with the ongoing support and services he needs to lead the life he states he would like to live. Indeed, the defendant is likely the first to admit that he is on a long journey.  Removing the support network and services infrastructure offered by USPO seems rather imprudent at this juncture.

In support of his application, the defendant offers that he has remained "compliant" on supervision to date.  But isn't that the goal?  In other words, mere compliance is not something that should be considered exceptional; rather, it is something that is expected. Indeed, "[s]imply complying with the terms of [supervised release] ... and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination...." *United States v. Finkelshtein*, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018); *see,*

*e.g., United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] ... post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

The standard is demanding.  Supervision should only be terminated "when general punishment goals would be better served by a modification." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). *see also United States v. Lewis*, No. 13-cr-487 (CBA), 2020 WL 1275233, at *2 (E.D.N. Y Mar. 17, 2020) (holding that since the petitioner had "established only that he has complied with the specific terms of his probation and has continued to stay out of trouble," he did not "warrant early termination of his supervised release").  In short, at this point in time, there is no compelling justification for any modification of the defendant's post-release supervision.

Finally, the requested relief is not warranted based on the applicable factors set forth at 18 U.S.C. § 3553(a), much less the interest of justice.  Defendant's underlying crimes—drug trafficking, violence and possession of firearms in furtherance of drug trafficking—are all extremely serious.  The government need not repeat here the countless examples cited relating to the defendant's dangerousness – the record is very clear and very complete in that regard.  To be sure, no one wishes to see the defendant fall back into a criminal lifestyle.  Especially this Court, already having gone far out on a limb for him.  The proverbial backstop is the oversight provided by the USPO, who will undoubtedly make every effort to see that the defendant does not go sideways.  Removing the USPO from the equation at this early stage

of the 5-year period of supervision makes little sense, and certainly is not in the interest of justice.

**IV.    Conclusion**

The motion for early termination should be denied, without prejudice to renewing it after a more extensive period of supervision has been achieved, and the evidence of a law-abiding life becomes more readily apparent and certain.

Dated:  Rochester, New York, July 8, 2022

TRINI E. ROSS
United States Attorney

By:    s/Douglas E. Gregory
DOUGLAS E. GREGORY
Assistant United States Attorney
United States Attorney's Office
Western District of New York
100 State Street, Suite 500
Rochester, New York  14614
(585) 399-3938
Douglas.Gregory@usdoj.gov