UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

      v.

CHAD MARKS,

                        Defendant.
_____

<u>DECISION AND ORDER</u>

03-CR-6033L

Defendant Chad Marks ("Marks") was convicted after trial on narcotics and firearms offenses in 2006. On March 12, 2008, Marks was sentenced by this Court to a term of 40 years imprisonment, the mandatory minimum sentence.

In February 2019, Marks filed a *pro se* motion for reduction of his sentence pursuant to the First Step Act. After briefing and an evidentiary hearing, this Court reduced Marks' sentence to a term of 20 years imprisonment and a term of five years supervised release. Marks was released from custody and began serving the term of supervised release on or about June 25, 2020. Marks has, therefore, served a little over two years of the five-year term of supervised release.

Marks now moves (Dkt. #560), through counsel, for an order terminating his term of supervised release. The Government filed its Response (Dkt. #564) opposing early termination of supervised release. The Probation Office also filed a Report (Dkt. #566) opposing the requested motion at this time.

This Court is very familiar with Marks, his conviction, appeal, successful motion for a sentence reduction and his activities since being placed on supervised release. The Court is also

familiar with and has reviewed the statute governing early release from supervised release.  18 U.S.C. § 3583(e)(1).  I have also reviewed both the Government's and Probation's thoughtful Responses to Marks' motion.

When the Court imposed the five-year term of supervised release, it believed that such a term was necessary and appropriate in light of Marks' significant prior history and conviction and the fact that he had been in custody for two decades and faced some not insignificant hurdles upon being released from custody.

Based on Marks' motion and the Response from Probation, it does appear that Marks is complying with the conditions of supervised release.  No violation notice has been filed with the Court.  This is positive and encouraging but compliance is what is expected.

The Court also notes that Marks has taken advantage of programs and services offered by Probation, including mental health treatment, marital counseling and an intensive life-skills program.  In this Court's judgment, after considering all the factors, I believe Marks would benefit from some additional time on supervised release.  Supervised release is not a punitive device but rather provides a framework for the Probation Office of the Court to work with released inmates to assist them in remaining law abiding, as well as provide other beneficial services for the recently-released inmate.

Marks was convicted of serious crimes with a history of violence.  All signs now are that he has abandoned that lifestyle.  It is hoped, and expected, that Marks will continue to lead a law abiding and productive life, supporting his wife and two young sons.  I believe, at this juncture, remaining on supervised release and receiving all the benefits able to be provided by the Probation Office will assist Marks in achieving that goal.

The Probation Officer has suggested that another year of supervision may be satisfactory. We will see how things progress but that seems, at this time, to be a reasonable outcome. I am, therefore, not opposed to reviewing the matter after Marks has served approximately three years on supervised release.

## CONCLUSION

Defendant Chad Marks' motion (Dkt. #560) for early termination of supervised release is DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 15, 2022.

3