

U.S. Department of Justice

*United States Attorney*
*Western District of New York*

| | |
|---|---|
| *100 State Street, Suite 500* | *585/263-6760* |
| *Rochester, New York 14614* | *fax 585/399-3920* |
| | *Writer's Direct:   585/399-3938* |
| | *Douglas.Gregory@usdoj.gov* |

June 27, 2023

Hon. David G. Larimer
United States District Judge
Western District of New York
United States Courthouse
100 State Street
Rochester, NY   14614

    Re:    **03-cr-6033-DGL;** *United States v. Chad Marks*
              **Government Response to Motion for Early Termination of Probation**

Dear Judge Larimer:

    On or about June 13, 2022, Marks submitted his first request for early termination of his supervised released, which he began serving on June 25, 2020 when he was released from the Bureau of Prisons. (Dkt. #560).   In a Decision and Order dated August 15, 2022, this Court denied the application. (Dkt. #567).   In a second application filed June 9, 2023, Marks again moves to terminate his period of supervision, cutting it short by some two years from the five years originally imposed by this Court. (Dkt. 571).

    Section 3583(e)(1) of Title 18 of the United States Code states, in relevant part, as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) ... terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice....

*Hon. David G. Larimer*
*June 27, 2023 | page 2*

The government recognizes the decision to terminate supervision prior to the term originally imposed by the Court is well within the Court's sound judgment. Of course, supervision should only be terminated "when general punishment goals would be better served by a modification." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). *see also United States v. Lewis*, No. 13-cr-487 (CBA), 2020 WL 1275233, at *2 (E.D.N.Y Mar. 17, 2020); *see also United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law.").

While the government remains opposed Marks' application, for all the reasons articulated in our response to the first request for early termination, the government acknowledges the Court previously indicated that it would consider early termination at the three-year mark. ("The Probation Officer has suggested that another year of supervision may be satisfactory. We will see how things progress but that seems, at this time, to be a reasonable outcome. I am, therefore, not opposed to reviewing the matter after Marks has served approximately three years on supervised release."). *See* Dkt. # 567, p. 3.

The government has also consulted with USPO Daniel Celso. Officer Celso has indicated that he will not affirmatively oppose Marks' request, citing ongoing compliance with the terms and conditions of supervised release.

In the end, the Government remains committed to the notion that, in the case of an individual in Marks' circumstances, continuation of supervised to the full extent of the term of supervised release is warranted. It simply cannot be argued that continued supervision is

a waste of resources, particularly when the results have demonstrated that supervision is functioning (as it should) to protect the public and provide Marks with the resources he needs.

      Sincerely,

      TRINI E. ROSS
      United States Attorney
      Western District of New York

BY:   s/DOUGLAS E. GREGORY
       Assistant United States Attorney
       100 State Street, Suite 500
       Rochester, New York 14614
       (585)399-3938
       Douglas.Gregory@usdoj.gov

DEG/pbr
cc:   Daniel Celso, U.S.P.O.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

   v.                 03-CR-6033-DGL

CHAD MARKS,

     Defendant.
_____

## CERTIFICATE OF SERVICE BY MAIL

  I hereby certify that on June 27, 2023, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.

  I hereby certify that I have mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant:

Chad Marks<br>
P.O. Box 984<br>
Webster, NY 14580

                  s/Patricia Reis