**UNITED STATES PROBATION
AND PRETRIAL SERVICE**

# MEMORANDUM

**DATE:** June 28, 2023

**TO:** Honorable David G. Larimer
Senior United States District Court Judge

**FROM:** Daniel J. Celso
U.S. Probation Officer

**SUBJECT:** Chad Marks 6:03CR06033 – 002
Request for Early Release from Supervision

On March 4, 2008, the defendant was found guilty of Count 1: Conspiracy to Possess With Intent to Distribute Fifty (50) Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846, Count 7: Possession With Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), Count 8: Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1), Count 9: Possession With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), Count 10: Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1), Counts 11, 13, & 15: Possession With Intent to Distribute and to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). He was sentenced to ten years on Counts 1, 7, 9, 11, 13, and 15, five years on Count 8, and 25 years on Count 10. Said sentences on Counts 8 and 10 are to run consecutive to each other and consecutive to the ten-year sentence on Counts 1, 7, 9, 11, 13, and 15, for a total sentence of forty (40) years. Supervised release is as follows: Eight (8) years on Counts 1, 7, 9, 11, 13, and 15, and five (5) years on counts 8 and 10. The terms of supervised release are to be served concurrently. Special conditions include drug testing, drug treatment, search, $100 assessment on each count ($800 total) and $500 fine on each count ($4000 total).

On April 20, 2020, the defendant's sentence was reduced to ten years of imprisonment concurrent on Counts 1, 7, 9, 11, 13, and 15, and five years of imprisonment on Count 8 to run consecutive to the ten-year term on Counts 1, 7, 9, 11, 13, and 15, as well as five years on Count 10 to run consecutively to all other sentences, for a total sentence of twenty (20) years imprisonment. Supervised release was reduced to five (5) years to run concurrently on all counts of conviction. Special conditions remained the same. The defendant began supervised release on June 25, 2020. Mr. Marks submitted a request for early release from supervision on June 13, 2022, which was denied on August 15, 2022.

Mr. Marks' motion for early release details much of his progress over the last 3 years. He recognized the need for some mental health support after his release from the Bureau of

Prisons and his conditions were modified to include mental health treatment at Mr. Marks' request. He regularly attended mental health appointments and completed treatment successfully and has voluntarily attended couples counseling with his wife to strengthen their relationship. This officer has observed Mr. Marks actively engaged in the raising of his young twin boys. Mr. Marks did complete an intensive life skills program at U.S. Probation and has maintained compliance with his conditions of supervision. He has had no new arrests and reports monthly as required.

Beyond 18 months of supervision, the appropriateness of early termination must be based on the person meeting the following criteria: 1) must not be a career criminal, 2) presents no identified risk to the public or victims, 3) must be free from court-reported violations over a 12-month period, 4) must be in substantial compliance with all conditions of supervision, 5) engages in prosocial activities and has sufficient prosocial support to remain lawful well beyond the period of supervision. Mr. Marks does not meet the criteria of career criminal.

Mr. Marks' instant offense involves several instances of violence including the assault of a co-defendant and calling and threatening a subject by phone. Furthermore, he received enhancements for obstruction of justice and for being the leader/organizer of the conspiracy. At the time of his instant offense, Mr. Marks was clearly a danger to the public, but he has shown during his period of supervision that he has made the changes necessary to re-integrate into society in a positive and productive way. Furthermore, the order of protection that was referred to in probation's July 5, 2022, response to the Court is no longer active.

The defendant has had no court-reported noncompliance. He is self-employed providing legal counsel to incarcerated individuals and has recently been researching how he could provide housing and structured employment support for individuals being released from the Bureau of Prisons using the lessons he learned from his own experience. He was an active member of his cognitive behavioral therapy group and has had discussions with this officer about how he can take the lessons and skills he has learned to help his family and other defendants make better life choices in the future.

Assistant U.S. Attorney Douglas Gregory has advised this writer that his office is opposing Mr. Marks' request for early termination of supervised release.

The position of the U.S. Probation Office is that Mr. Marks does meet the criteria for early termination of his supervision. I believe Mr. Marks has made the changes necessary to maintain a law-abiding lifestyle and be a productive member of society moving forward, and individuals making such drastic changes should be rewarded for doing so. Therefore, I am recommending his early release from supervision. I have attached an early release form for your signature should Your Honor approve the defendant's request.